**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAUL C. ZAPATA,

      Plaintiff,

v.                              No. CIV-07-0130 WJ/RLP

CHIEF OF CORRECTIONS RONALD TORREZ,
MAYOR OF ALB. N.M. MARTIN CHAVEZ,
HERNRY PEREA, DUPTY [sic] CHIEF,
CORRECTION OFFICER SGT. MOORE,
THADDEUS LUCERO -- COUNTY MANAGER,
CORRECTION OFFICER H. GARCIA,
JOHN DANTIS COUNTY MANAGER,
CITY OF ALBQU. MEDICAL (M.D.C.) NURSE LIZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This is Plaintiff's third recent complaint challenging conditions of confinement at the Albuquerque Metropolitan Detention Center ("M.D.C."). Plaintiff alleges that he has not been given sufficient grievance forms to exhaust available administrative remedies.  He also alleges that Defendant Garcia assaulted him, and Defendant Nurse Liz (LNU) has retaliated against him by denying adequate medical treatment.  He makes a conclusory allegation that Defendant Moore "committed retaliation on me."  The complaint seeks damages and equitable relief in the form of an order to terminate Defendant Garcia's employment at M.D.C.

No relief is available on Plaintiff's claim of denial of access to grievance forms.  Generally, of course, a prisoner's dissatisfaction with grievance procedures does not give rise to a constitutional claim.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).  Nor does Plaintiff allege that prison officials have actively interfered with his attempts to prepare and file legal documents. *See Lewis v. Casey*, 518 U.S. at 350; *see Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint' ").  This claim will be dismissed.

The complaint does not state claims for relief against Defendants Torrez, Chavez, Perea, Lucero, or Dantis.  Plaintiff makes no specific allegations against these Defendants.  To succeed on

a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a supervisor or elected official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id*.  Here, Plaintiff states only that Defendant Chavez is "in charge of all city and county employees" and other Defendants are "in charge of all confinement facilities and employees."  He makes no factual allegation affirmatively linking these Defendants to the asserted constitutional deprivations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  The Court will dismiss the Plaintiff's claims against Defendants Torrez, Chavez, Perea, Lucero, and Dantis.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 4) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff file monthly financial certificates and make payments of twenty per cent (20%) of the preceding month's income credited to his account; the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Torrez, Chavez, Perea, Lucero, and Dantis are DISMISSED with prejudice; and Defendants Torrez, Chavez, Perea, Lucero, and Dantis are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver forms, with copies of the complaint, for Defendants Garcia, Nurse Liz (LNU), and Moore.

_____
UNITED STATES DISTRICT JUDGE